AO 442 (Rev. 11/11)  Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Joseph Julius Lapoint<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:24-mj-00068
Assigned To : Judge Zia M. Faruqui
Assign. Date : 2/23/2024
Description: COMPLAINT W/ARREST WARRANT

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  Joseph Julius Lapoint                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted  Building or Grounds)
18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds)
40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building)
40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building)

Date:  ___02/23/2024___

Zia M. Faruqui
2024.02.23
12:38:47 -05'00'

*Issuing officer's signature*

City and state:  ___Washington, D.C.___          ___Zia M. Faruqui, U.S. Magistrate Judge___
                                                  *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* __3/12/24__ , and the person was arrested on *(date)* __3/12/24__<br>at *(city and state)* __FT. LAUDERDALE, FL__ .<br><br>Date:  __3/12/24__                          _____<br>                                          *Arresting officer's signature*<br><br>                                          KRISTIN MESA, SPECIAL AGENT<br>                                          *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

District of Columbia

United States of America

v.

✓ Joseph Julius Lapoint, (02/10/1981)
Nicole Marie Joyner, (06/13/1978 )

_____
*Defendant(s)*

)
)
)
)
)
)
)

SD FL Case 24-MJ-6110-AOV
Case: 1:24–mj–00068
Assigned To : Judge Zia M. Faruqui
Assign. Date : 2/23/2024
Description: COMPLAINT W/ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ____Columbia____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) | (Entering and Remaining in a Restricted  Building or Grounds) |
| 18 U.S.C. § 1752(a)(2) | (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) |
| 40 U.S.C. § 5104(e)(2)(D) | (Disorderly Conduct in a Capitol Building) |
| 40 U.S.C. § 5104(e)(2)(G) | (Parading, Demonstrating, or Picketing in a Capitol Building) |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Brian Smith, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Zia M. Faruqui
2024.02.23
12:38:14 -05'00'

Date: _____02/23/2024_____

_____
*Judge's signature*

City and state:          Washington, D.C.

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

I, Federal Bureau of Investigation ("FBI") Special Agent Brian Smith, am currently assigned to the Jacksonville Field Office/Ocala RA. Specifically, I am tasked with investigating criminal activity in and around the United States Capitol grounds ("the Capitol") on January 6, 2021. I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## IDENTIFICATION OF JOSEPH LAPOINT AND NICOLE JOYNER
## AND THEIR INVOLVEMENT IN THE EVENTS OF JANUARY 6, 2021

In January 2021, a tipster ("Tipster-1") informed the FBI that his/her relative, Joseph LAPOINT, posted on his Facebook account (https://www.facebook.com/joe.lapoint.7) videos of himself claiming that he had entered the Capitol Building on January 6, 2021. Tipster-1 further reported that LAPOINT had videos of himself and his girlfriend/fiancé, "Nicole Marie" (later identified as Nicole Marie JOYNER) approaching and entering the Capitol. Tipster-1 provided the FBI with Photo #1 (see below), which Tipster-1 reported viewing on LAPOINT's Facebook account page.



*Photo #1: LAPOINT standing on a window ledge inside of an office within the U.S. Capitol building*

Based on my training, experience, and ongoing investigation of the January 6, 2021 riot, I am familiar with the U.S. Capitol Building and its surroundings. I recognize Photo #1 as depicting an adult male (later identified as LAPOINT) standing on a window ledge inside an office within the U.S. Capitol building.

Tipster-1 also identified LAPOINT's cellular phone number as 561-454-9473. According to records obtained through a search warrant that was served on Google, a mobile device associated

2

with phone number 561-454-9473 was present at the U.S. Capitol on January 6, 2021. Google subscriber records for the account linked with this phone number reveal that the e-mail address associated with the account is lapoint954@gmail.com, which I recognize to be a derivative of LAPOINT's last name, and the name listed on the account is "Big Joe," which I recognize to be a common nickname for large people named "Joseph," like LAPOINT. Google subscriber records for the account further revealed a second phone number associated with the account: 754-301-9841.

Google estimates device location using sources including GPS data and information about nearby Wi-Fi access points and Bluetooth beacons. This location data varies in its accuracy, depending on the source(s) of the data. As a result, Google assigns a "maps display radius" for each location data point. Thus, where Google estimates that its location data is accurate to within 10 meters, Google assigns a "maps display radius" of 10 meters to the location data point. Finally, Google Reports that its "maps display radius" reflects actual location of the covered device approximately 68% of the time.

Google location data shows that a device associated with lapoint954@gmail.com was within the U.S. Capitol between 1:01 p.m. EST and 4:37 p.m. EST. Google records show that the "maps display radius" for this location data was available and encompasses an area that is entirely within the U.S. Capitol Building.

Based on Tipster-1's information and the identifying information for the lapoint954@gmail.com account gleaned from Google, FBI agents identified a second Gmail account associated with LAPOINT by using the name "Joseph Lapoint" as a search parameter within Google's subscriber records. This search revealed a Google account with the following identifying information:

    a. Account email: hooknbook954@gmail.com
    b. Recovery phone number: 954-245-5800
    c. Recovery email: fireyeyedangel@gmail.com

According to records obtained through a search warrant that was served on Google, a mobile device associated with phone number 954-245-5800 (i.e. the recovery phone number on LAPOINT's hooknbook954@gmail.com account) was within and around the U.S. Capitol on January 6, 2021, from 2:17 p.m. to 4:37 p.m. This time period overlaps with the time span LAPOINT's other cell phone was within and around the U.S. Capitol on January 6, 2021 (as described above).

An FBI agent searched law enforcement records and determined that on June 24, 2018, LAPOINT had contact with the Broward County (FL) Sheriff's Office. During that interaction, LAPOINT provided telephone number 954-245-5800 (i.e. the recovery phone number on LAPOINT's hooknbook954@gmail.com account) as his contact number.

On or about August 30, 2021, a second tipster ("Tipster-2") contacted the FBI about LAPOINT and JOYNER and identified them as having unlawfully entered the U.S. Capitol

3

Building on January 6, 2021. Tipster-2 provided the FBI with screenshot photos of JOYNER or involving JOYNER that he/she captured from JOYNER's accounts on social media sites Parler (*see* Photo #2 below), Instagram (*see* Photo #3 below), and DLive (*see* Photo #4 below).

Based on a comparison of the clothing JOYNER and LAPOINT are captured wearing in Photo #2 with the clothing they are captured wearing in Photos # 1, 4, and 5-9 (see below), it appears that Photo #2 depicts JOYNER and LAPOINT in Washington, D.C. on January 6, 2021, shortly before or after they entered the U.S. Capitol Building.



*Photo #2: captured from Parler, depicting JOYNER and LAPOINT on the grounds of the U.S. Capitol.*

Photo #3, which is drawn from the Instagram account fireyeyedangel and dated January 7, 2021, and which includes a description of how supposed members of Antifa entered the U.S. Capitol on January 6, 2021, features the comment by fireyeyedangel, "They were escorted by police I saw it my self [*sic*]," which I interpret as a claim by the user of fireyeyedangel (i.e. JOYNER) that she was present at the U.S. Capitol Building on January 6, 2021.

4



Who confronts Antifa....The Proud Boys!!!

Who was kept out of DC .....The Proud Boys !!!

Who escorted the white Antifa bus into the Captial area .......Dc Police the same ones who arrested the PROUD BOYS!!!

Who moved the gates so Antifa could get to the front doors......DC Police & look whose with them!!

Do u still have any questions ?? Ur alarm clock is going off WAKE THE FUCK UP !!!

#ItWasAllPlanned #Treason #Infiltration

fireyeyedangel · Follow

fireyeyedangel They were escorted by police I saw it my self

4 likes

*Photo #3: captured from Instagram account fireyeyedangel (JOYNER)*

Photo #4, which is a screenshot of a livestream broadcast on social media site DLive, appears to depict JOYNER and LAPOINT (both circled in yellow) among the mob unlawfully inside the U.S. Capitol Building on January 6, 2021.



5

*Photo #4: JOYNER and LAPOINT (both circled in yellow) inside the U.S. Capitol on January 6, 2021.*

After reviewing the information provided by Tipster-1 and Tipster-2, I used a law enforcement database to view the driver's license photographs of LAPOINT and JOYNER. I then compared their driver's license photographs to the people depicted in Photos #1-4 and confirmed that Photos #1-4 appear to depict LAPOINT and JOYNER.

I performed an open-source search of social media sites, including Facebook, Instagram, Parler, and TikTok, to look for accounts associated with LAPOINT and JOYNER, as well as photographs and/or videos depicting their activities in Washington, D.C. on and around January 6, 2021. Via that open-source searching, I located Facebook, Instagram, and TikTok accounts that appear to be owned and operated by LAPOINT based on a combination of the usernames, profile photographs, posted photographs, public activity, and tips. Via that same open-source searching, I located Facebook, Instagram, and Parler accounts that appear to be owned and operated by JOYNER based on a combination of the usernames, profile photographs, posted photographs, public activity, and tips.

Lawfully obtained records from Instagram reveal that JOYNER's Instagram account, fireyeyedangel, is associated with telephone number 954-729-5434. According to records obtained via a search warrant for cellular tower data within the area of the U.S. Capitol, a mobile device associated with -5434 was located in and around the U.S. Capitol on January 6, 2021, between 2:17 p.m. and 3:05 p.m. This time period overlaps with the time span LAPOINT's cell phones were within and around the U.S. Capitol on January 6, 2021, as described above.

On January 6, 2022, one year after the riot at the U.S. Capitol, LAPOINT posted a video of himself and JOYNER on his TikTok account, @big_joe954, along with the title "HAD A BLAST one year ago" and the caption "me and babe stormed the Capitol with the rest of America" (*see* Photo #5 below). Based on the consistency of their clothing with other photographs of LAPOINT and JOYNER on January 6, 2021, it appears to me that this video depicts LAPOINT and JOYNER on the grounds of the U.S. Capitol Building on January 6, 2021

6



*Photo #5: Screen capture of video from January 6, 2021, posted on LAPOINT's TikTok account.*

Based on the above five photos of LAPOINT and JOYNER, a law enforcement officer used facial recognition software to search open-source videos and photographs of the riot at the U.S. Capitol on January 6, 2021, that had been posted online by individuals and news organizations for more images of LAPOINT and JOYNER. That search resulted in additional images of LAPOINT and JOYNER unlawfully on the grounds of the U.S. Capitol or inside of the U.S. Capitol building on January 6, 2021, including Photos #6-7 below.

Based on my training and experience, as well as my familiarity with the U.S. Capitol Building gained via my participation in this investigation, I recognize Photo #6 as depicting the second level of the U.S. Capitol Building, just outside of the Senate Wing Door, one of the primary breach/entry points for the rioters on January 6, 2021. I recognize JOYNER and LAPOINT as the two people circled in yellow.

7



*Photo #6: JOYNER and LAPOINT (circled in yellow) on the grounds of the U.S. Capitol Building on January 6, 2021*

Based on my training and experience, as well as my familiarity with the U.S. Capitol Building gained via my participation in this investigation, I recognize Photo #7 as depicting JOYNER and LAPOINT inside the U.S. Capitol Building on January 6, 2021.



*Photo #7: JOYNER and LAPOINT inside the U.S. Capitol Building on January 6, 2021.*

Law enforcement officers reviewed surveillance video from cameras mounted within the U.S. Capitol Building and observed LAPOINT and JOYNER entering and exiting the U.S.

8

Capitol Building on January 6, 2021, through the Senate Wing Doors at approximately 3:07 p.m. Photos #8-9 below are screenshots from that surveillance footage.

a. JOYNER appears to have blonde and pink hair and to be wearing a black coat, brown boots, and a dark backpack. She appears to be holding her cell phone out and away from her body. JOYNER's clothing and physical appearance in the surveillance footage matches how she appears in Photos #2, 4, 5-7, and 10-12.

b. Meanwhile, LAPOINT appears to be wearing sunglasses, a black long sleeve shirt, and a camouflage stocking cap. He appears to be talking on a cellular phone. LAPOINT's clothing and physical appearance in the surveillance footage matches how he appears in Photos #1, 2, 4, 5-7, and 10-12.



*Photo #8: JOYNER and LAPOINT (circled in yellow) entering the U.S. Capitol Building on January 6, 2021, through the Senate Wing Doors.*

9



*Photo #9: Close-up of the people circled in yellow in Photo #8.*

The Office of the Architect of the U.S. Capitol reviewed open-source video footage and found video of LAPOINT (*see* Photo #10 below) and JOYNER (*see* Photo #11 below), along with many other rioters, unlawfully inside what he/she recognized to be Office S145 within the U.S. Capitol building, based on his/her extensive familiarity with the building.



*Photo #10: LAPOINT inside Office S145.*

10



*Photo #11: JOYNER inside Office S145.*

The video footage shows LAPOINT climbing on the windowsill and posing for a photograph, as depicted in Photo #1, but does not show LAPOINT or JOYNER hitting, kicking, smashing, or otherwise damaging anything in Office S145. Nevertheless, after the riot concluded, a representative the Office of the Architect U.S. Capitol found damage to Office S145 inflicted by the rioters. The representative determined that unknown rioters had broken a door frame and caused a strike plate to go missing, which would collectively cost $350 to repair, and had broken an exterior window, which would cost $1,493 to repair.

Surveillance footage (see Photo #12 below) shows JOYNER and LAPOINT exiting the U.S. Capitol building at approximately 3:27 p.m. They spent approximately 20 minutes unlawfully inside the building.



11

*Photo #12: JOYNER and LAPOINT (circled in red) exiting the U.S. Capitol building.*

Based on the foregoing, there is probable cause to believe that JOSEPH LAPOINT and NICOLE JOYNER violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of 18 U.S.C. § 1752, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Additionally, there is probable cause to believe that JOSEPH LAPOINT and NICOLE JOYNER violated 40 U.S.C. § 5104(e)(2)(D) and (G), which make it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
Special Agent Brian Smith
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 13th day of September.

Zia M. Faruqui
2024.02.23
12:39:17 -05'00'

_____
HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-MJ-6110-AOV

United States of America
      Plaintiff,

    v.

Joseph Julius Lapoint
      Defendant,

_____/

**ORDER OF REMOVAL**

It appearing that in the **District of Columbia**, an Complaint was filed against the above-named defendant on a charge of entering and remaining in a restricted building, disorderly conduct in a capitol building, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Alicia O. Valle at Fort Lauderdale, Florida, which officially committed the defendant for removal to the **District of Columbia**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Alicia O. Valle for removal and released to $ _25,000 Personal Surety Bond_ which was approved by the United States Magistrate Judge Alicia O. Valle, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida on 3/12/2024.

Alicia O. Valle
United States Magistrate Judge

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: $25,000 Personal Surety Bond

### CASE NO.: 24-MJ-6110-AOV

UNITED STATES OF AMERICA:

        Plaintiff,

v.

USM #: 03966-511

Joseph Julius Lapoint

        Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 25k PSB _____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT:
CASE NUMBER:
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT:
CASE NUMBER:
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ) medical
( ) substance abuse or mental health treatment
( ) court appearances
( ) attorney visits or court ordered obligations
( ) religious services
( ) employment
( ) other activities as pre-approved by the supervising officer

__ p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment
( ) education
( ) religious services
( ) medical, substance abuse, or mental health treatment
( ) attorney visits
( ) court appearances
( ) court ordered obligations
( ) reporting to Pretrial Services
( ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:
CASE NUMBER:
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. <u>Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense</u>:

1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (   ) The defendant shall not be involved in any children's or youth organizations.
8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

__ u. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond:
Stay away from District of Columbia unless Bar Court, Pretrial, or consultation with an Attorney.
- No travel with prior approval from Pretrial Services,
- No travel outside U.S. with Court approval.

DEFENDANT:
CASE NUMBER:
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT:
CASE NUMBER:
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this_____ day of _____, 20____ at _____, Florida

Signed and acknowledged before me:  DEFENDANT: (Signature) _____

WITNESS: _____  _____ Boca Raton _____ FL

_____ City _____ State _____ City _____ State

### CORPORATE SURETY

Signed this_____ day of _____, 20____ at _____, Florida

SURETY: _____  AGENT: (Signature) _____

PRINT NAME: _____

_____ City _____ State

### INDIVIDUAL SURETIES

Signed this____ day of _____, 20___ at _____, Florida    Signed this____ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____  SURETY: (Signature) _____

PRINT NAME: _____  PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____  RELATIONSHIP TO DEFENDANT: _____

_____ City _____ State _____ City _____ State

Signed this____ day of _____, 20___ at _____, Florida    Signed this____ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____  SURETY: (Signature) _____

PRINT NAME: _____  PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____  RELATIONSHIP TO DEFENDANT: _____

_____ City _____ State _____ City _____ State

### APPROVAL BY THE COURT

Date: _March 12, 2024_

UNITED STATES MAGISTRATE JUDGE
PATRICK M. HUNT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 24-MJ-6110-AOV

United States of America
     Plaintiff,
  v.

JOSEPH JULIUS LAPONT              Charging District's Case No. 24-Mj-00068
     Defendant,

_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the District of Columbia.

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)   an identity hearing to determine whether I am the person named in the charges;
(3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)   a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)   a hearing on any motion by the government for detention;
(6)   request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☒ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 3/12/2024

_____
Defendant's Signature

_____
Alicia O. Valle
UNITED STATES MAGISTRATE JUDGE

18

# COURT MINUTES/ORDER

## United States Magistrate Judge Alicia O. Valle

**Fort Lauderdale Courtroom 310**         Date: 3/12/2024    Time: 11:00 AM

Defendant: Joseph Julius Lapoint (J)      J#: 03966-511    Case #: 24-6110-AOV

AUSA: : David Snider          Attorney: _____

Violation: Entering and Remaining in a Restricted Building; Disorderly Conduct in a Capitol Building

Proceeding: Initial Appearance- Rule 40/5 Removal       CJA Appt: _____

Bond/PTD Held: ☐ Yes  ☐ No      Recommended Bond: 25,000 PSB

Bond Set at: 25,000 PSB          Co-signed by: _____

☑ Surrender and/or do not obtain passports/travel docs

Language: English

☑ Report to PTS as directed/or _____ x's a week/month by phone: _ x's a week/month in person

☐ Random urine testing by Pretrial Services _____ Treatment as deemed necessary

☑ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☑ Maintain or seek full-time employment/education

☑ No contact with victims/witnesses

☑ No firearms

☑ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew ____ pm _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☑ Other: No Travel to D. C. except for court appearances

**Disposition:**
- Government Oral Motion to unseal – Granted-.
- Defendant Present and advised of his rights and charges.
- Court appoints the PD solely for the purposes of removal only.

- Defendant waives identity and removal hearing.

** Must provide notice to pretrial prior to travel.

**NEXT COURT APPEARANCE** Date:        Time:        Judge:        Place:

**Report RE Counsel**: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R.  11:15:10 / 12:31:20          Time in Court: 20 Minutes

**CHECK IF APPLICABLE: ____ For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including _____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, l8 USC 3161 et seq..**

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-Mj-6110

UNITED STATES OF AMERICA,
                              Plaintiff
v.

JOSEPH JULIUS LAPOINT
                              Defendant
_____/

## O R D E R

THIS CAUSE is before the Court for the initial appearance of the above-named defendant(s) on a SEALED COMPLAINT.

UPON ORAL motion of the government in open court that the complaint be unsealed as to all the defendants, it is hereby ORDERED AND ADJUDGED that the SEALED COMPLAINT be unsealed as to all parties in this case.

DONE AND ORDERED at Key West, Florida this 12th day of March 2024.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: David A. Snider (anika.sparks@usdoj.gov, david.snider@usdoj.gov,
doreen.sanabria@usdoj.gov, usafls-brdkt@usdoj.gov, usafls-hqdkt@usdoj.gov,
usafls.ftlscheduler@usdoj.gov), Magistrate Judge Alicia O. Valle (valle@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:24221252@flsd.uscourts.gov
Subject:Activity in Case 0:24-mj-06110-AOV USA v. Lapoint Motion to Unseal Case
```
Content–Type: text/html

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 3/12/2024 at 2:23 PM EDT and filed on 3/12/2024

| | |
|---|---|
| **Case Name:** | USA v. Lapoint |
| **Case Number:** | 0:24–mj–06110–AOV |
| **Filer:** | USA |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
 **ORAL MOTION to Unseal Case by USA as to Joseph Julius Lapoint. (at)**

**0:24–mj–06110–AOV–1 Notice has been electronically mailed to:**

David A. Snider &nbsp &nbsp david.snider@usdoj.gov, Anika.Sparks@usdoj.gov,
Doreen.Sanabria@usdoj.gov, USAFLS–BRDKT@usdoj.gov, usafls–hqdkt@usdoj.gov,
USAFLS.FTLScheduler@usdoj.gov

**0:24–mj–06110–AOV–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: David A. Snider (anika.sparks@usdoj.gov, david.snider@usdoj.gov,
doreen.sanabria@usdoj.gov, usafls-brdkt@usdoj.gov, usafls-hqdkt@usdoj.gov,
usafls.ftlscheduler@usdoj.gov), Magistrate Judge Alicia O. Valle (valle@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:24221059@flsd.uscourts.gov
Subject:Activity in Case 0:24-mj-06110-AOV USA v. Lapoint Set/Reset Hearings
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 3/12/2024 at 1:46 PM EDT and filed on 3/12/2024

| | |
|---|---|
| **Case Name:** | USA v. Lapoint |
| **Case Number:** | 0:24-mj-06110-AOV |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 Set Hearing as to Joseph Julius Lapoint: Initial Appearance – Rule 5(c)(3)/40 set for 3/12/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (smy)

**0:24-mj-06110-AOV-1 Notice has been electronically mailed to:**

David A. Snider &nbsp &nbsp david.snider@usdoj.gov, Anika.Sparks@usdoj.gov, Doreen.Sanabria@usdoj.gov, USAFLS-BRDKT@usdoj.gov, usafls-hqdkt@usdoj.gov, USAFLS.FTLScheduler@usdoj.gov

**0:24-mj-06110-AOV-1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CRIMINAL DOCKET FOR CASE #: <u>0:24–mj–06110–AOV</u> All Defendants

Case title: USA v. Lapoint

Date Filed: 03/12/2024

Date Terminated: 03/12/2024

Assigned to: Magistrate Judge Alicia O. Valle

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Joseph Julius Lapoint**<br>03966–511<br>*YOB 1981 English*<br>*TERMINATED: 03/12/2024* | represented by **Noticing FPD–FTL**<br>(954) 356–7436<br>Email: ftl_ecf@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Terminated)</u>** | |
|---|---|
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18: U.S.C. § 1752(a)(1) ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS; 18: U.S.C. § 1752(a)(2) DISORDERLY AND DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS; 40: U.S.C. § 5104(e)(2)(D) DISORDERLY CONDUCT IN A CAPITOL BUILDING; 40: U.S.C. | |

1

§5104(e)(2)(G) PARADING,
DEMONSTRATING, OR
PICKETING IN A CAPITOL
BUILDING

**Plaintiff**

**USA**                    represented by  **David A. Snider**
DOJ–USAO
U.S. Attorney's Office, Southern District
of Florida
500 E. Broward Blvd.
Ste 7th Floor
Fort Lauderdale, FL 33394
954–660–5696
Fax: 954–356–7336
Email: david.snider@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2024 | 7 | ORDER OF REMOVAL ISSUED to District of District of Columbia as to Joseph Julius Lapoint Closing Case for Defendant. Signed by Magistrate Judge Alicia O. Valle on 3/12/2024. *See attached document for full details.* (smy) (Entered: 03/12/2024) |
| 03/12/2024 | 6 | $25,000 PSB Bond Entered as to Joseph Julius Lapoint Approved by Magistrate Judge Alicia O. Valle. *Please see bond image for conditions of release.* (smy) (Additional attachment(s) added on 3/12/2024: # 1 Restricted Bond with 7th Page) (smy). (Entered: 03/12/2024) |
| 03/12/2024 | 5 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Joseph Julius Lapoint (smy) (Entered: 03/12/2024) |
| 03/12/2024 | 4 | Minute Order for proceedings held before Magistrate Judge Alicia O. Valle: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Joseph Julius Lapoint held on 3/12/2024. Bond set: Joseph Julius Lapoint (1) $25,000 PSB. Date of Arrest or Surrender: 3/12/2024.. Attorney added: Noticing FPD–FTL for Joseph Julius Lapoint (Digital 11:15:10; 12:31:20) Signed by Magistrate Judge Alicia O. Valle on 3/12/2024. (smy) (Entered: 03/12/2024) |
| 03/12/2024 | 3 | ORDER granting 2 Motion to Unseal Case as to Joseph Julius Lapoint (1). (Signed by Magistrate Judge Alicia O. Valle on 3/12/2024). *(See attached document for full details).* (at) (Entered: 03/12/2024) |
| 03/12/2024 | 2 | **ORAL** MOTION to Unseal Case by USA as to Joseph Julius Lapoint. (at) (Entered: 03/12/2024) |
| 03/12/2024 |  | Set Hearing as to Joseph Julius Lapoint: Initial Appearance – Rule 5(c)(3)/40 set for 3/12/2024 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (smy) (Entered: 03/12/2024) |

| 03/12/2024 | 1 | Magistrate Judge Removal of Complaint from District of Columbia Case number in the other District 1:24−mj−00068 as to Joseph Julius Lapoint (1). (smy) (Entered: 03/12/2024) |
|---|---|---|